Whiton *v.* Wiggin.

---

## WHITON *v.* WIGGIN.

Where a cause has been referred to an auditor, and one of the parties, after due notice, wholly neglects to appear, either by himself or attorney, and the auditor reports the facts, judgment will be rendered against the party guilty of such neglect, unless he show cause to the contrary.

But where the personal attendance of the party is required before the auditor, to answer interrogatories, or he is called on to produce books and papers, a special notice of what is required must be served on him a sufficient time before the hearing ; otherwise he will not be guilty of a neglect or refusal under the statute.

THIS action was referred to an auditor, and the auditor made report that, having given due notice to the parties that he would

attend to the duties of his appointment, on Tuesday, the 15th day of April, 1856, at Burnham's hotel, in Plymouth, in this county, at two o'clock, P. M., as appears by the copy of notice and return thereon, annexed to the report, and that, having attended at the time and place appointed, the plaintiff appeared by his counsel, but the defendant did not appear, either by himself or counsel.

By the copy of notice annexed to the report and return of service, it appeared that the notice was served on the defendant, by leaving it at his last and usual place of abode, on the 2d of April, 1856, in Dover, in this State ; and the notice contained no information that the personal attendance of the defendant was required by the plaintiff, for the purpose of making the defendant a witness, or for any other purpose. The plaintiff moved that the defendant be defaulted. It was stated by the defendant's counsel, upon the motion being submitted by the plaintiff, that the defendant's counsel had received no communication or instructions from the defendant in relation to the action since the time of the service of the notice upon him, and he was not informed of any reason why the defendant did not appear before the auditor, and it was not suggested to the court, at any time during the term, that such communication or instructions had been received.

*Quincy*, for the plaintiff.

*H. A. Bellows*, for the defendant.

PERLEY, C. J. The auditor's report showed that due notice of a hearing before him had been served on the defendant, and that he neglected to appear by himself or counsel. No reason was given for this neglect in the Common Pleas, and none is suggested here. The question is, whether judgment shall be rendered against the defendant, as upon default.

The Revised Statutes, chap. 189, secs. 6 and 7, provide that if either party shall neglect or refuse to appear before the auditor,

or to render an account, or to produce such books and papers as may be required, and to answer on oath such interrogatories relating to the matter in controversy as may be pertinent and material, the auditor shall certify the same to the court. The court shall thereupon render judgment against such party, as upon nonsuit or default.

The defendant has neglected to appear, and, following the language of the statute, the court are to render judgment against him, as upon default; and such, we think, is the meaning of the act. The party, on due notice, is bound to appear before the auditor to whom the cause has been referred, and maintain his action or defence, in the same way that he is bound to appear in court; and when the auditor reports the fact that he has neglected to appear, the statute treats his case as if he were nonsuit, or default in court.

A nonsuit or default in court may be taken off on sufficient cause shown; and so, if the auditor report that a party has neglected to appear, the court, upon his showing cause, would doubtless have power to relieve him. The appearance referred to in this part of the statute must be understood to be such an appearance as is required to be made to the action in court, either in person or by attorney.

Where an account is required to be rendered, or the personal attendance of the party is demanded, to answer interrogatories, or books and papers are to be produced, a special notice, and reasonable time and opportunity, should be given; otherwise there would be no neglect or refusal, within the meaning of the statute; because, ordinarily, the party who has the usual general notice of a hearing could not be expected to know that any thing of this kind would be required of him.

But if, after due notice, he wholly neglects to appear, by himself or counsel, he abandons his suit or his defence, and the intention of the statute was, that in such case he should be treated as if he were nonsuit or default in court.

*Judgment against the defendant, as upon*
*default, according to the auditor's report.*